**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

William M. McLaren
Assistant U.S. Attorney
william.mclaren@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*

FILED 20 NOV '24 17:12USDC-ORE



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 10, 2024

Irina Hughes
Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, OR 97401

> Re:  *United States v. Brandon Kuper*, Case No. 22-cr-00410-MC
> Plea Agreement Letter

Dear Ms. Hughes:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count Two of the Indictment, which charges him with coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b).

3.    **Penalties**:  The maximum penalty for Count Two is life imprisonment, a mandatory minimum sentence of ten years of imprisonment, a fine of $250,000, a term of supervised release from 5 years to life, a $5,000 special fee assessment under 18 U.S.C. § 3014, and a $100 fee assessment under 18 U.S.C. § 3013.  Under 18 U.S.C. § 3014(a), the attempted online enticement count carries an additional $5,000 fee assessment for nonindigent persons.  In addition, identified assets are subject to forfeiture under 18 U.S.C. § 2428.  Defendant agrees to pay the fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done. *In addition, defendant will be required to register as a sex offender.*

4.    **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss any remaining counts against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 2
September 10, 2024

5.     **Sex Offender Registration**:   Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state in which he resides, is employed, or is a student. Defendant understands that he must update his registration no later than three business days following any change of name, residence, employment, or student status. Defendant further understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register as a sex offender.

6.     **Elements and Factual Basis**:   In order for defendant to be found guilty of Count Two, the government must prove the following elements beyond a reasonable doubt:

On or about the dates alleged in Count Two of the Indictment, in the District of Oregon, defendant used a means or facility of interstate or foreign commerce to knowingly attempt to persuade, induce, entice, or coerce a person who was under the age of 18 to engage in sexual activity for which any person can be charged with a criminal offense, or to aid and abet another in doing so.

Defendant admits the elements of the offenses alleged in Count Two of the Indictment. Defendant stipulates that the government can prove each of the following facts beyond a reasonable doubt at trial:

On or about November 3, 2022, Brandon Kuper coerced a minor (MV1) to engage in, photograph, and record sexually explicit conduct, to include sadistic and masochistic conduct. Kuper directed MV1 to transmit the images and videos via internet services, to include Snapchat and Discord, which MV1 did. At the time of the offense, Kuper was located in Pierce County, Washington and MV1 was located in Deschutes County, Oregon. At the time of the offense, Kuper was twenty years old and MV1 was under the age of fourteen years old.

Following Kuper's arrest in Washington on November 10, 2022, his digital device and interview with detectives confirmed that the above-described criminal activity had occurred.

7.     **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

/ / /

/ / /

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 3
September 10, 2024

8.      **Relevant Conduct**:  For sentencing purposes, the parties agree that the following
guidelines calculations presently apply in this case:

| | |
|---|---|
| Base offense level [USSG § 2G2.1(a)] | 32 |
| Sexual act [§ 2G2.1(a)(2)(A)] | +2 |
| Victim under 16 years old [USSG § 2G2.1(b)(1)(B)] | +2 |
| Sadistic or masochistic conduct [§ 2G2.1(b)(4)(A)] | +4 |
| Acceptance of responsibility [§ 3E1.1(b)] | -3 |
| **Adjusted offense level** | **37** |

9.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that defendant
fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in
this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's
offense level.  The USAO reserves the right to change this recommendation if defendant,
between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct
justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as
explained in USSG § 3E1.1.

10.     **Sentencing Recommendation**:  Based on the negotiations between the parties and taking
into account the factors set forth in 18 U.S.C. § 3553(a), the USAO and defendant will jointly
recommend a 165-month prison sentence, even if 165 months is above or below the applicable
advisory guideline range as ultimately determined by the Court.

11.     **Additional Departures, Adjustments, or Variances**:  The parties agree not to seek any
specific offense characteristics, departures or adjustments other than as specified in this
agreement. As necessary, the parties will recommend a variance pursuant to 18 U.S.C. § 3553(a)
to reach the jointly-recommended sentence of 165-month imprisonment.

12.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily
waives the right to appeal from any aspect of the conviction and sentence on any grounds, except
for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court
arrives at an advisory sentencing guideline range by applying an upward departure under the
provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18
U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as
determined by the Court, except as necessary to reach the agreed-upon 165-month sentence.
Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C.
§ 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds
of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C.
§ 3582(c)(2).  In the event that defendant's conviction under this agreement is vacated, the
government may reinstate and/or file any other charges, and may take any position at a
resentencing hearing, notwithstanding any other provision in this agreement.

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 4
September 10, 2024

13.    **Forfeiture Terms**:

A.    **Assets and Authority**:  By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets which are subject to forfeiture pursuant to 18 U.S.C. § 2428, which defendant admits was used or intended to be used in any manner or part to commit or to promote the commission of the violations set forth in Count Two of the Indictment.

B.    **Agreement to Civil Forfeiture**:  Defendant agrees not to file a claim or withdraw any claim already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated.  Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding.

C.    **No Alteration or Satisfaction**:  Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets.  Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Rule 32.2 of the Federal Rules of Criminal Procedure.  Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon defendant in addition to forfeiture.

D.    **Assets Not Identified**:  The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

E.    **Final Order of Forfeiture**:  Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

14.    **Restitution**:  Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party.  Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office.  Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant.  Defendant agrees to provide waivers, consents, or releases requested by the USAO to access

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 5
September 10, 2024

records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to the victim in the full amount of the victim's losses as determined by the Court. The USAO will provide any restitution requests that are received to the defense and the Court and make any appropriate request for restitution.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due and payable immediately. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO immediately of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 6
September 10, 2024

16.    **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

17.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

     If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

18.    **Memorialization of Agreement**:  No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

19.    **Deadline**:  This plea offer expires if not accepted by October 18, 2024.

                         Sincerely,

                         NATALIE K. WIGHT
                         United States Attorney

                         */s/ William M. McLaren*
                         WILLIAM M. McLAREN
                         Assistant United States Attorney

     I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

10/87/24
Date

                         Brandon Kuper
                         _____
                         Brandon Kuper, Defendant

Irina Hughes
Re: Brandon Kuper Plea Agreement Letter
Page 7
September 10, 2024

     I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

10/31/24
_____
Date

_____
Irina Hughes, Attorney for Defendant